# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIE FEFFER,<br><br>                                 Plaintiff,<br>v.<br>ARIZONA BANK AND TRUST., et al.,<br><br>                                Defendants. | Case No.: 22-cv-538-MMA (BGS)<br><br>**ORDER GRANTING TRANS UNION, LLC'S MOTION TO DISMISS**<br><br>[Doc. No. 12] |

      On April 19, 2022, Plaintiff Edie Feffer ("Plaintiff") filed a Complaint against Defendant Trans Union, LLC ("Trans Union"), as well as Arizona Bank and Trust ("AZ B&T"), Experian Informational Solutions, Inc., and Equifax Information Services, LLC. Doc. No. 1 ("Compl."). Plaintiff seeks to recover under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").

      On June 2, 2022, Plaintiff filed a notice of voluntary dismissal, dismissing AZ B&T from the action. Doc. No. 10. Trans Union now moves to dismiss all claims against it, specifically Claims 6 and 7 brought pursuant to §§ 1681e(b) and 1681i, for failure to state a claim. Doc. No. 12.[1] Plaintiff filed an opposition, to which Trans Union

---

[1] The remaining defendants in this matter—Experian Informational Solutions, Inc. and Equifax Information Services, LLC—did not join in Trans Union's motion to dismiss.

1  replied.  Doc. Nos. 18, 19.  The Court found the matter suitable for disposition on the
2  papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and
3  Civil Local Rule 7.1.d.1.  *See* Doc. No. 17.  For the reasons set forth below, the Court
4  **GRANTS** Trans Union's motion to dismiss.

## I. BACKGROUND

Plaintiff alleges she is a victim of inaccurate credit reporting because a late payment erroneously appears in her credit report.  Compl. ¶¶ 10, 14.  Plaintiff states AZ B&T failed to inform her of an annual fee on her AZ B&T account.  *Id.* ¶ 16.  Plaintiff contends that because she was not informed, "no fee was due and owing" and the late payment on her credit report is, therefore, "materially misleading."  *Id.* ¶¶ 16, 17.

According to Plaintiff, Trans Union is a consumer reporting agency ("CRA") as defined by the FCRA.  *Id.* ¶ 7.  Plaintiff asserts she sent a written dispute to Trans Union "[o]n or about October 13, 2021" disputing the accuracy of the late payment, yet the late payment continued to appear on her credit report.  *Id.* ¶¶ 23, 24.  Plaintiff further alleges that despite the written dispute, Trans Union "did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account."  *Id.* ¶ 28.  Alternatively, Plaintiff claims Trans Union "employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Written Disputes."  *Id.* ¶ 30.

Plaintiff puts forth two claims against Trans Union.  In Claim 6, Plaintiff alleges that Trans Union willfully or negligently violated § 1681e(b) by failing "to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports."  *Id.* ¶ 70.  By way of Claim 7, Plaintiff asserts that Trans Union willfully or negligently violated § 1681i by "failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures" to verify disputed information.  *Id.* ¶ 77.

Trans Union moves to dismiss both claims under Federal Rule of Civil Procedure 12(b)(6).  Doc. No. 12 at 1.[2]

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims made in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face."  Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party.  *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  The court need not take legal conclusions as true merely because they are cast in the form of factual allegations.  *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."  *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading.  *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).

---

[2] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

# III. DISCUSSION

Trans Union provides four arguments in support of its motion.  First, that Plaintiff fails to plead a factual inaccuracy—a prima facie element of both claims.  Doc. No. 12 at 5–9.  Second, that Plaintiff fails to allege Trans Union provided a consumer report to a third party in support of her § 1681e(b) claim.  *Id.* at 9–10.  Third, that Plaintiff insufficiently pleads her § 1681i claim.  *Id.* at 10–11.  Fourth, that Plaintiff's willfulness claims are inadequately pleaded.  *Id.* at 11–13.

**A.     Failure to Plead an Inaccuracy**

"[T]o sustain either a § 1681e or a § 1681i claim, a consumer must first make a prima facie showing of inaccurate reporting by the CRA."  *Shaw v. Experian Info. Sols. Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (internal quotation marks omitted) (first quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010); then citing *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)).  "[A]n item on a credit report can be 'incomplete or inaccurate' within the meaning of the FCRA[] . . . , 'because it is patently incorrect, or because it is [materially] misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'"  *Carvalho*, 629 F.3d at 890–91 (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)).

The Ninth Circuit has held that a dispute challenging the legal validity of a debt is neither.  *See Carvalho*, 629 F.3d at 892.  In *Carvalho*, the Ninth Circuit stated that "determining whether the consumer has a valid defense 'is a question for a court to resolve in a suit against the [creditor,] not a job imposed upon consumer reporting agencies by the FCRA.'"  629 F.3d at 892 (citing *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008)).  The plaintiff in *Carvalho* sued a CRA claiming a medical debt appearing on her credit report was inaccurate because it was her health insurance provider's responsibility to pay for the services.  *Id.* at 891.  The panel noted that "[b]ecause CRAs are ill equipped to adjudicate contract disputes, courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the

guise of FCRA reinvestigation claims." *Id.* For these reasons, the Ninth Circuit panel held "Carvalho [ ] failed to establish an element of a prima facie reinvestigation claim— inaccuracy." *Id.* at 892. District courts have followed *Carvalho* and held that plaintiffs fail to allege an inaccuracy when their suit against a CRA is premised on a dispute of a debt's validity. *See, e.g.*, *Banks v. ACS Educ. Corp.*, No. 10CV1886 AJB CAB, 2012 WL 1033316, at *8 (S.D. Cal. Mar. 26, 2012), amended on reconsideration, No. 10CV1886 AJB (CAB), 2012 WL 13175885 (S.D. Cal. July 2, 2012); *Kozlowski v. Bank of Am., N.A.*, No. 118CV00131DADEPG, 2018 WL 5099765, at *5 (E.D. Cal. Oct. 18, 2018); *Alvandi v. Fid. Cap. Holdings, Inc.*, No. CV144379DSFAJWX, 2015 WL 12672736, at *2 (C.D. Cal. June 30, 2015), aff'd, 677 F. App'x 343 (9th Cir. 2017); *Martin v. Wells Fargo Bank*, No. 2:17-CV-03425-RGK-SS, 2018 WL 6333688, at *3 (C.D. Cal. Jan. 18, 2018); *Prianto v. Experian Info. Sols., Inc.*, No. 13-CV-03461-TEH, 2014 WL 3381578 (N.D. Cal. July 10, 2014).

In defense of her claims, Plaintiff argues she "alleged the factual inaccuracy of whether the late payment showing on her Trans Union report was misleading." Doc. No. 18 at 3. Plaintiff's argument fails for two reasons. First, Plaintiff's factual inaccuracy rests upon legal conclusions, which is insufficient to survive a motion to dismiss. Second, Plaintiff's theory of a factual inaccuracy fails as a matter of law.

As an initial matter, that an item on a credit report is misleading is a legal conclusion. *See* Compl. ¶ 17. In looking to the facts underlying this conclusion for support, Plaintiff's second legal conclusion is evident. Plaintiff asserts that the lack of notice of the late fee absolves her of responsibility for the fee. However, that a lack of notice divests Plaintiff of a duty to pay the fee is also a legal conclusion—one for which Plaintiff cites no supporting law. In ruling on a Rule 12(b)(6) motion, the Court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See Roberts*, 812 F.2d at 1177. Once the Court disregards these legal conclusions, it is clear Plaintiff fails to plead factual allegations sufficient to state a plausible claim for relief.

Additionally, even assuming Plaintiff adequately pleads the prima facie factual inaccuracy element for these claims, they still fail as a matter of law because they present "a question for a court to resolve in a suit against the [creditor,] not a job imposed upon consumer reporting agencies by the FCRA." *Carvalho*, 629 F.3d at 892. As mentioned above, Plaintiff argues the late fee is improperly levied against her and, therefore, she is not obligated to pay it—a dispute of the validity of the underlying debt. The Ninth Circuit precedent is clear; §§ 1681e(b) and 1681i claims against a CRA cannot proceed under such a theory. *See id.* at 890–92; *Shaw*, 891 F.3d at 756. Plaintiff cites two non-binding, out-of-district cases in an attempt to distinguish this case from *Carvalho*: one case factually distinguishing *Carvalho*, *see Neill v. Experian Info. Sols., Inc.*, No. CV-16-04326-PHX-JJT, 2017 WL 3838671 (D. Ariz. Sept. 1, 2017), and a second case which distinguishes itself from the first and follows *Carvalho*, *see Bornstein v. Trans Union LLC*, No. CV-18-04773-PHX-JJT, 2019 U.S. Dist. LEXIS 94000, at *2 (D. Ariz. June 5, 2019). *See* Doc. No. 18 at 5. However, given that *Carvalho* is binding precedent and there is substantial in-district case law applying it, the Court is not persuaded to depart from its reasoning. Moreover, the Court is not persuaded that *Carvalho* is factually distinguishable. The rule clearly stated in *Carvalho*, and often followed, is that a dispute over the legal validity of an item on a credit report does not constitute evidence of an inaccuracy to bring a claim under §§ 1681e or 1681i. 629 F.3d at 892. Whether the legal basis for the dispute sounds in contract, statute, or common law is of no consequence because CRAs are ill equipped to adjudicate such matters. Therefore, the Court finds that Plaintiff's collateral attack on their underlying debt fails to allege a factual inaccuracy as required under §§ 1681e(b) and 1681i. Accordingly, the Court **GRANTS** Trans Union's motion to dismiss.[3]

---

[3] As the Court is persuaded by Trans Union's factual inaccuracy argument, and this argument is sufficient to dispose of all claims against Trans Union, the Court does not address Trans Union's remaining arguments.

B.  **Leave to Amend**

In her response, Plaintiff requests leave to amend the Complaint to "allege the additional facts contained in the Statement of Facts in support of the claims" in the event her claims were dismissed. Doc. No. 18 at 7.

Rule of Civil Procedure 15(a)(2) provides the relevant legal standard: a party may amend its pleading with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). The most important factor is whether amendment will cause prejudice to the opposing party. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, "futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). There is a presumption in favor of granting leave to amend absent prejudice, or where there is a strong showing of the other factors. *Eminence Capital, LLC*, 316 F.3d at 1052. Leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

Here, the Court finds granting leave to amend would be futile. The only new facts in Plaintiff's opposition are statements regarding the consistency of Plaintiff's payment history, a statement about the prior closure of her AZ B&T account, and an allegation that she was not informed that the account was reopened. *Compare* Doc. No. 18 at 2 *with* Doc. No. 1 at 2–3; 10–12. Even assuming these additional facts would provide the necessary factual support for Plaintiff's claims, leave to amend would be futile because it is Plaintiff's theory that is ultimately deficient. No additional facts would change the conclusion that Plaintiff's claims are premised on an impermissible collateral attack on the validity of the debt. Therefore, to the extent that Plaintiff's FCRA claims against

Trans Union are premised upon the theory that the late fee is invalid, her claims are dismissed without leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Trans Union's motion and **DISMISSES** Plaintiff's claims against Trans Union, to the extent they are based on a dispute over whether she is responsible for the AZ B&T fee, **without leave to amend**. Because this order dismisses all claims against Trans Union, the Court **DIRECTS** the Clerk of Court to terminate Trans Union from the action.

**IT IS SO ORDERED.**

Dated:  August 18, 2022

HON. MICHAEL M. ANELLO
United States District Judge